UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DAVID HARKEY,

Plaintiff,

v.

AVIS BUDGET CAR RENTAL, LLC

Defendant.

Case No.: 3:19cv188

**COMPLAINT**

Plaintiff, DAVID HARKEY, sues the Defendant, AVIS BUDGET CAR RENTAL, LLC ("Avis") and alleges as follows:

1. This action arises out of Plaintiff's employment relationship with Defendant, including his wrongful termination in violation of the Family and Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and The Virginia Human Rights Act ("VHRA"), as well as unpaid overtime under the Fair Labor Standards Act ("FLSA").

**PARTIES**

2. At all times material, Plaintiff was a resident of Mechanicsville, Virginia.
3. At all times material, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).
4. At all times material, Plaintiff was an employee as defined by the FLSA, 29 U.S.C. §203.

a. At all times material, Plaintiff was an employee as defined by 42 U.S.C. §12101, *et seq*.

5. At all times material, Plaintiff was an employee as defined by the VHRA, Chapter 39 of the Virginia Code.
6. Defendant, Avis Budget Car Rental, LLC, is a foreign Limited Liability Company based in New Jersey, incorporated in Delaware, and operating a national car rental chain. At all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year. Additionally, Defendant has had 50+ employees working within a 75 mile radius of the office in which Plaintiff worked.
7. The agency in which Plaintiff worked is located in Richmond, Virginia.
8. Plaintiff had worked for Defendants for over 12 consecutive months at the time of his termination.
9. At all times material, Defendant was a "person" and an "employer" as defined by 29 U.S.C. §2000e.
10. At all times material, Defendant was an employer as defined by the FMLA, 29 U.S.C. § 2611(4).
11. At all times material, Defendant was a covered entity under the FLSA as defined by 29 U.S.C. §203(a).
12. Plaintiff is an individual with a disability as defined by the Americans with Disabilities Act, 42 U.S.C. § 12102(2).

## JURISDICTION AND VENUE

13. Plaintiff brings this action pursuant to the FMLA, 29 U.S.C. § 2601 *et seq.*; Chapter 39 of the Virginia Code; the ADA, 42 U.S.C. § 12101, *et seq*. and the FLSA, 29 U.S.C. §201 *et seq*.

14. This court has jurisdiction of this claim as per, 28 U.S.C.A. §§ 1331 and 1343(4). This civil action arises under the laws of the United States.

15. Venue herein is proper under 28 U.S.C.A. § 1391(b). Defendant is a corporate resident of the State of Delaware but is doing business in Virginia, and the unlawful employment practices of which Plaintiff is complaining were committed within this judicial district. Additionally, the employment records of Plaintiff are stored, or have been administered, in Richmond, Virginia.

## PROCEDURAL REQUIREMENTS

16. Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a) Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission, Richmond District Office; and

    b) Plaintiff received Right to Sue Notices as to his charges of discrimination on or about December 2018.

17. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

## GENERAL ALLEGATIONS

18. Plaintiff worked for Defendant as an operations manager beginning October 2015.

19. Plaintiff told Defendant of a medical condition in September 2017. He was approved for intermittent leave under the FMLA shortly thereafter.

20. Due to his condition, Plaintiff would suffer debilitating episodes that would require him to miss work or portions of work.

21. To request leave, Plaintiff was given a set of procedures that including alerting his supervisor and Defendant's 3rd party FMLA processor called Matrix. Plaintiff always followed these procedures.

22. Despite having these procedures in place and Plaintiff following them, he was routinely harassed for taking this leave both directly through verbal harassment and indirectly through modifications to his working conditions.

23. Immediately following his request, his shift was modified to a less favorable one. Where it had formerly been a mix of day and evening shifts, Saturday through Wednesday, it was changed to just day shifts Friday through Tuesday.

24. The very first time Plaintiff needed to take a day off, he was met with hostility from the airport manager, Mark Haines. Mr. Haines asked Plaintiff, ""how often are you going to be out?" and "are you going to keep doing this?" A week later, Mr. Haines told Plaintiff that it was "not fair" that Plaintiff was allowed leave for medical issues.

25. On October 9, 2017 the campaign to terminate Plaintiff began with Plaintiff processing a rental for a fellow employee. The rental itself was a regular rental that had been occurring in the same way at the same rate for approximately 1 year and had been authorized by the

former City Manager Jim Wilson. However, this first rental following Plaintiff's granting of FMLA leave resulted in discipline and termination for Plaintiff. Plaintiff was informed that he had violated company rules on October 16, 2017 and terminated on October 19 2017.

26. Prior to the events of his termination, Plaintiff had no disciplinary issues and received positive performance reviews.

27. Plaintiff believes there is a pattern and practice of discrimination against employees with disabilities. He had previously been told by Mr. Haines to treat disabled employees negatively and over critically in hopes to find a reason to fire them. This included trying to "catch" a disabled employee coming in even one minute late and to over scrutinize call outs and cross referencing them with FMLA plans to find a reason for termination. Other employees without disabilities and/or FMLA leave were not treated in such critical ways.

28. As an operations manager, Plaintiff was paid a regular salary of $843.13 per week and was not paid overtime for work over 40 hours in a workweek.

29. Plaintiff was labeled an exempt employee for purposes of the FLSA.

30. Despite being labeled a "manager" Plaintiff was not in charge of other employees. Instead, he was made to fill gaps of employment. This means that he had to answer phones, take reservations, clean cars, move cars, and generally plug any need that resulted from regular understaffing. Plaintiff had no authority to discipline employees (let alone hire and fire) and could not even change their schedules. He was a regular employee who was made to work extra hours and perform extra duties without the benefit of extra pay.

31. Filling the roll of the real managers on duty were the two Airport Managers and the District Manager.[1] Due to this regular managerial presence, Plaintiff was not even given keys to the service lot.

32. Due to this lack of authority, Plaintiff was misclassified as exempt and is due overtime pay for all weeks he worked over 40 hours.

33. Plaintiff estimates that he regularly worked 52+ hours per week. However, this does not include weeks with special events that required more work or nights where flights would come in late as it was policy to stay open until the last plane landed for the night.

34. Though he likely did not work every single week due to possible time off, Plaintiff worked 81 potentially compensable weeks of overtime. His total damages in the case come to $61,464.18 as calculated below:

    a. $843.13 / 40 = $21.0783 per hour[2]

    b. $21.08 per hour x 1.5 overtime rate = $31.62 overtime rate

    c. $31.62 x 12 hours = $379.41 owed per week

    d. $379.41 x 81 weeks = $30,732.09 owed overtime

    e. $30,732.09 + $30,732.09 = $61,464.18 total owed wages and liquidated damages

35. Defendant knowingly and willfully failed to pay Plaintiff his lawfully earned wages in compliance with the FLSA and is liable for monetary damages.

36. Records of the number of hours worked each week by Plaintiff are required to be in possession of Defendant. However, Defendant did not accurately record the hours worked

---

[1] The District Manager was not always in, but had an office and regular presence at the Richmond Airport location

[2] Pay stubs distributed through Defendant list Plaintiff's working hours as 40 per week and his hourly rate as $21.0783

by Plaintiff thus Defendant is not likely able to produce an accurate account of the hours actually worked by Plaintiff.

37. Defendant has been involved in litigation involving managers before and is or should be aware that this is a non-exempt position.

38. By intentionally failing to properly determine the overtime laws that apply to operations managers including Plaintiff, Defendant has shown reckless disregard for the FLSA. Due to this, Defendant is liable for an additional equal amount of damages to Plaintiff in the form of liquidated damages.

**COUNT I: INTERFERENCE WITH FMLA RIGHTS**
**(Harassment for Taking Leave)**

39. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

40. As of September 2017, Plaintiff was eligible and approved for FMLA leave.

41. At all times material, Plaintiff gave proper notice to Defendant of his intent to take intermittent FMLA leave by informing his supervisor and the companies FMLA consultant.

42. Despite following instruction and being authorized to take leave when necessary, Plaintiff was discouraged from taking leave on several occasions by his supervisor.

43. When Defendant attempted to influence Plaintiff's leave, Defendant interfered with Plaintiff's rights under the FMLA.

44. The actions of this count were perpetrated by Defendant's Airport Manager and therefore Defendant as well.

45. As a result, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for interfering with Plaintiff's rights under the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, and lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

**COUNT II: VIOLATION OF THE FMLA – RETALIATION**
**(Termination)**

46. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

47. Defendant terminated Plaintiff following his request for FMLA leave.

48. Defendant terminated Plaintiff because he requested then took FMLA leave as described above.

49. Plaintiff's request for leave was initially met with hostility, then he was reprimanded for performing approved of work that had been completed by several employees over a long period of time, and then he was terminated. All of these events only took place in the approximate 6 weeks following his initial application for FMLA leave.

50. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for having taken leave for medical reasons.

51. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of his termination.

52. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Enter judgment in Plaintiff's favor and against Defendant for their violations of the FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages;

d. Reinstatement;

e. Award Plaintiff prejudgment interest on his damages award;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

**COUNT III: VIOLATION OF ADA**
**DISABILITY DISCRIMINATION**

53. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

54. Plaintiff is disabled and as such is a member of a group protected under the ADA from discrimination on the basis of that disability.

55. Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of his disability. These manners included a pretextual disciplinary action and termination.

56. Plaintiff was subjected to this discrimination because he is disabled.

57. Plaintiff's disability was the legal cause for Defendant's decision to treat Plaintiff adversely and to terminate him.

58. The treatment adversely affected Plaintiff's psychological well-being.

59. The treatment to which Plaintiff was subjected would affect the psychological well-being and unreasonably interfere with the work performance of a reasonable man.

60. Plaintiff sustained emotional suffering and injury attributable to his treatment in the workplace.

61. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of his disability in violation of the ADA.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Order reinstatement of Plaintiff in the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to disability discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

b. Award Plaintiff back pay, front pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

c. Award Plaintiff compensatory damages for his emotional suffering.

d. Award Plaintiff punitive damages.

e. Award Plaintiff attorney's fees, including expert witness fees, pursuant to 42 U.S.C.A. §2000e-5(k).

f. Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

g.

## COUNT IV: VIOLATION OF VIRGINIA HUMAN RIGHTS ACT CHAPTER 39 DISABILITY DISCRIMINATION

62. Plaintiff repeats and re-alleges paragraphs 1-27 as if fully stated herein.

63. At all relevant times Defendant was an employer who employed more than 6 employees as required by Virginia Statutes Chapter 39.

64. At all relevant times Defendant employed Plaintiff within the meaning of the Virginia Human Rights Act.

65. The Defendant acted in the above mentioned manners with the intent to discriminate against Plaintiff on the basis of his disability.

66. The Defendant disciplined and terminated Plaintiff following their knowledge of his disability.

67. Plaintiff's disability was the legal cause for Defendant's decision to discipline and terminate Plaintiff's employment.

68. Defendant knowingly and intentionally discriminated against Plaintiff on the basis of his disability in violation of Virginia Statutes Chapter 39 et. seq.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Order reinstatement of Plaintiff in the position he would occupy and with all the benefits he would have if he had not suffered adverse employment action attributable to disability discrimination, or award Plaintiff front pay in an amount to be determined at trial if reinstatement is determined at trial to be impractical.

b. Award Plaintiff back pay, front pay, pension benefits, and other employment benefits which would have accrued if Plaintiff's employment had not been terminated.

c. Award Plaintiff compensatory damages for his emotional suffering.

d. Award Plaintiff punitive damages.

e. Award Plaintiff attorneys fees, including expert witness fees.

f. Award Plaintiff costs, interest, and such other relief as this Court may deem proper.

**COUNT V: VIOLATION OF THE FLSA**
**(Overtime)**

69. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

70. At all times relevant, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA.

71. During his employment, Plaintiff worked in excess of forty (40) hours per week for which he was not compensated at the statutory rate of 1.5x his regular rate of pay for all hours worked.

72. Plaintiff was entitled to be paid at the rate of 1.5x his regular rate of pay for all his hours worked in excess of the maximum hours (40 hours) as he is entitled under the FLSA.

73. Defendant failed to pay overtime wages to Plaintiff for hours worked in excess of forty hours per week.

74. By failing to compensate Plaintiff at a rate of not less than 1.5x his regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and §215(a).

75. By failing to record, report, and/or preserve records of hours worked by Plaintiff, Defendant has failed in its duty as an employer prescribed under the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 211(c) and § 215(a).

76. Defendant's conduct is a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

77. Defendant owes the Plaintiff for the hours worked in excess of 40 hours in a workweek at a rate of not less than 1.5x his regular rate of pay for each of those hours.

78. Defendant failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

79. Due to Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

80. Defendant knowingly and willfully failed to pay Plaintiff 1.5x his regular rate of pay for all hours worked in excess of forty (40) per week. Accordingly, Plaintiff has suffered damages for unpaid overtime wages, plus an equal amount in liquidated damages, costs and reasonable attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant as follows:

a. Declaring that the Defendant violated the overtime provisions of 29 U.S.C. § 207;
b. Awarding Plaintiff overtime compensation;
c. Awarding Plaintiff liquidated damages;
d. Awarding Plaintiff reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b);
e. Awarding Plaintiff post-judgment interest; and
f. Ordering any other and further relief this Court deems to be just and proper.

**JURY TRIAL DEMAND**

Plaintiff requests a trial by jury on all issues triable in each count of this Complaint.

Respectfully submitted this 20th day of March 2019, by:

/s/ Barbara Queen
Barbara Queen, Esquire
Virginia Bar No.:47314
Email: bqueen@lawrencequeen.com
Lawrence Queen
701 E. Franklin Street, Suite 700
Richmond, VA 23219
T: 804.643.9343
F: 804.643.9368

Attorney for Plaintiff

Prospective Pro Hac Vice Counsel:

/s/ R. Edward Rosenberg
R. Edward Rosenberg, Esquire
Fla. Bar No.: 88231
Email: rer@sorondorosenberg.com
Sorondo Rosenberg Legal PA
1825 Ponce de Leon Blvd. #329
Coral Gables, FL 33134
T: 786.708.7550
F: 786.204.0844

Attorney for Plaintiff